# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 05-3243

_____

Sammie Lewis,                        *
                                     *
        Appellant,                   *
                                     *        Appeals from the United States
        v.                           *        District Court for the
                                     *        Eastern District of Arkansas.
Mike Johanns, Secretary, U.S.        *
Department of Agriculture,           *            [UNPUBLISHED]
                                     *
        Appellee.                    *


_____

No. 05-3256

_____

Jackie E. Stevens,                   *
                                     *
        Appellant,                   *
                                     *
        v.                           *
                                     *
Mike Johanns, Secretary, U.S.        *
Department of Agriculture,           *
                                     *
        Appellee.                    *

_____

No. 05-3257

_____

Danny Harpole,                             *
                                           *
    Appellant,                             *
                                           *
                                           *
    v.                                     *
                                           *
                                           *
Mike Johanns, Secretary, U.S.              *
Department of Agriculture; David           *
Orr, in his official capacity as           *
Deputy Director-Field Management           *
Division; James Decker, Jr., in his        *
official capacity as Industrial            *
Specialist; Richard Pforr,                 *
individually and in his official           *
capacity as Supervisory Industrial         *
Specialist; Clyde Steves,                  *
individually and in his official           *
capacity as Field Office Manager,          *
Stuttgart, Arkansas,                       *
                                           *
    Appellees.                             *

_____

Submitted: April 19, 2006
Filed: May 10, 2006

_____

Before MURPHY, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Danny Harpole, Jackie E. Stevens and Sammie Lewis appeal from a final order of the district court[1] granting summary judgment in an employment discrimination action in favor of their employer, the United States Department of Agriculture ("USDA").

Harpole, Stevens and Lewis are employed by the Grain Inspection, Packers and Stockyards Administration ("GIPSA"), an agency of the USDA, in Jonesboro, Arkansas. Harpole, Stevens and Lewis and another GIPSA employee, Sandra Metheny, worked as Agricultural Commodity Graders at the GS-9 level. All four were among those who expressed interest in the opportunity to perform a "collateral duty," an extra part-time duty without increased pay. Metheny was assigned the collateral duty in 1997. Metheny was reclassified as an Industrial Scale Specialist at the GS-9 level in 2000 and was non-competitively promoted to Industrial Scale Specialist at the GS-11 level in 2001.

Harpole, Stevens and Lewis claimed that the USDA discriminated against them based on gender and retaliated against them for their previous filing of discrimination complaints, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* They also claimed that the USDA discriminated against them based on age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* In addition, Stevens claimed that the USDA discriminated against him based on disability, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, which uses the standards applied under the Americans with Disabilities Act of 1990 ("ADA"), 42 § U.S.C. 12101 *et seq.* *See* 29 U.S.C. § 794(d).

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

We review de novo the grant of summary judgment, using the same standards as the district court and viewing the evidence in the light most favorable to the non-movants. *Baucom v. Holiday Cos.*, 428 F.3d 764, 766 (8th Cir. 2005). Having carefully reviewed the record and the applicable legal principles, we find no reversible error in the district court's disposition of this matter. The district court found that Lewis's gender discrimination claim was time-barred, and that even if it was timely, it would fail along with Harpole's and Stevens's gender discrimination claims. The district court held that Harpole, Stevens and Lewis each failed to establish an adverse employment action, which is an element of a prima facie case of gender discrimination. Similarly, the district court held that Harpole, Stevens and Lewis failed to establish an adverse employment action with respect to their retaliation claims.

Regarding their ADEA claims, the district court assumed that Harpole, Stevens and Lewis established a prima facie case of age discrimination. The district court also found that the USDA satisfied its burden to articulate legitimate, non-discriminatory reasons for its employment decision. However, Harpole, Stevens and Lewis failed to produce evidence sufficient to create a genuine issue of material fact as to whether the proffered reasons were pretextual.

Finally, the district court determined that Stevens failed to demonstrate that he has a disability as that term is used in the ADA. We agree but note that, although cases interpreting the ADA and the Rehabilitation Act are interchangeable because the same basic standards and definitions are used under the ADA and the Rehabilitation Act, only the Rehabilitation Act applies to federal employees, and Stevens brought his claim under the Rehabilitation Act. *Ballard v. Rubin*, 284 F.3d 957, 960 n.3 (8th Cir. 2002); 42 U.S.C. § 12111(5)(B)(i) (excluding from "employer" as used in the ADA the United States or a corporation wholly owned by the government of the United States).

Accordingly, we affirm the judgment of the district court based upon the well-reasoned opinion of the district court. *See* 8th Cir. R. 47B.

_____